IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACIEL RODRIGUEZ-AVILA,<br><br>Petitioner,<br><br>v.<br><br>MICHAEL L. BENOV,<br><br>Respondent. | 1:14-cv-000642 MJS HC<br><br>**FINDINGS AND RECOMMENDATION TO GRANT THE MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT COURT JUDGE TO THE PRESENT MATTER**<br><br>**(Doc. 11)** |

Petitioner is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner has not consented to Magistrate Judge jurisdiction.

On April 30, 2014, Petitioner filed the instant petition for writ of habeas corpus challenging the calculation of his accumulated good credit time. Respondent responded to the petition by way of a motion to dismiss filed on June 30, 2014. Respondent explained that Petitioner had been released from prison to immigration authorities on June 9, 2014, and therefore was no longer in custody of the Bureau of Prisons. (ECF No. 11.) Petitioner did not file a response to the motion to dismiss.

**I.     DISCUSSION**

The case or controversy requirement of Article III of the Federal Constitution

1

1 deprives the Court of jurisdiction to hear moot cases. Iron Arrow Honor Soc'y v. Heckler,
2 464 U.S. 67, 70 (1983); NAACP., Western Region v. City of Richmond, 743 F.2d 1346,
3 1352 (9th Cir. 1984). A case becomes moot if the "the issues presented are no longer
4 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt,
5 455 U.S. 478, 481 (1984). The Federal Court is "without power to decide questions that
6 cannot affect the rights of the litigants before them." North Carolina v. Rice, 404 U.S.
7 244, 246 (1971).

8 A petition for writ of habeas corpus becomes moot when it no longer presents a
9 case or controversy under Article III, § 2 of the Constitution. Wilson v. Terhune, 319 F.3d
10 477, 479 (9th Cir. 2003). A petition for writ of habeas corpus is moot where a petitioner's
11 claim for relief cannot be redressed by a favorable decision of the court issuing a writ of
12 habeas corpus. Burnett v. Lampert, 432 F.3d 996, 1000-01 (9th Cir. 2005) (quoting
13 Spencer v. Kemna, 523 U.S. 1, 7 (1998)). Mootness is jurisdictional. See Cole v. Oroville
14 Union High School District, 228 F.3d 1092, 1098-99 (9th Cir. 2000). Thus, a moot
15 petition must be dismissed because nothing remains before the Court to be remedied.
16 Spencer, 523 U.S. at 18.

17 A case becomes moot because of the absence of an actual case or controversy
18 where the petitioner no longer suffers or anticipates an injury traceable to the respondent
19 which is likely to be redressed by a judicial decision. Spencer, 523 U.S. at 11. Although a
20 habeas claim for credit on a sentence may be mooted by the petitioner's release, it is
21 also possible that the claim remains viable. For example, a habeas challenge to a term
22 of imprisonment is not mooted by a petitioner's release where the petitioner remains on
23 supervised release and there is a possibility that the petitioner could receive a reduction
24 in his term of supervised release. Reynolds v. Thomas, 603 F.3d 1144, 1148 (9th Cir.
25 2010). In Reynolds, it was held that a proceeding pursuant to 28 U.S.C. § 2241
26 challenging a decision of the BOP denying the petitioner's request for credit towards his
27 federal sentence for days spent in state custody was not moot where the petitioner was
28 released and remained on supervised release, and the BOP's internal, favorable

1  decision did not recalculate the petitioner's release date as the petitioner had requested.

2  Here, Petitioner has been released from custody, and did not respond to the
3  motion to dismiss to describe any collateral consequences that may flow from his
4  custody. Accordingly, the Court recommends that the petition for writ of habeas corpus
5  be dismissed as moot.

## II.  RECOMMENDATION

Accordingly, the Court RECOMMENDS that this action be dismissed as moot. Further, the Court ORDERS the Clerk of Court to assign a District Court Judge to the present matter.

This Findings and Recommendation is submitted to the assigned District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) for the United States District Court, Eastern District of California. Within thirty (30) days after date of service of the Findings and Recommendation, the parties may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   August 15, 2014          /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE

3